UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PIPE FLASHING PATENT LITIGATION     MDL No. 3093

TRANSFER ORDER

    **Before the Panel:** Accused infringer The NeverLeak Company, LP ("NeverLeak") moves under 28 U.S.C. § 1407 to centralize this patent litigation in the Northern District of Ohio. Accused infringers Oatey Co. and RP Lumber Co., Inc., join in NeverLeak's motion. This litigation consists of three actions pending in three districts, as listed on Schedule A. Patentholder Golden Rule Fasteners, Inc. ("Golden Rule") opposes centralization and, alternatively, requests the Northern District of Mississippi as the transferee district.

    On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions involving two related patents[1] concerning roof flashing that fits around pipes and other protrusions to prevent water leakage from seams and joints. Additionally, they involve at least one common product – the Electrical Mast Connection ("EMC") Master Flash manufactured by Aztec Washer Company. There is a near complete overlap in the patents asserted in these actions,[2] and thus, overlapping claim construction and patent validity issues. The common factual questions include the design, development, and sales of the accused EMC Master Flash product, whether the EMC Master Flash and allegedly similar roof flashing products infringe the asserted patents, the evidence related to claim construction, as well as facts underlying patent validity matters such as the scope and content of the prior art and obviousness. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to claim construction and patent validity issues), and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The asserted patents are U.S. Patent No. 8,141,303 (the '303 patent) and U.S. Patent No. 8,464,475 (the '475 patent), each titled "Pipe Flashing Apparatus and Method."

[2] Common plaintiff Golden Rule alleges that defendants in all three actions have infringed the '475 patent by selling the EMC Master Flash and that defendants in two actions (*NeverLeak* and *RP Lumber*) additionally have infringed the '303 patent with respect to the same EMC Master Flash accused product. The '303 patent also is at issue in the remaining action (*Oatey*), even though not currently the subject of a cause of action. *See Oatey* Am. Compl. ¶ 15 n.1 (N.D. Ohio Mar. 27, 2019) ("Golden Rule owns two other patents . . . [including] 8,141,303, with claims that are infringed" and plaintiff will "likely assert additional claims from those patents in this case").

In opposing centralization, the patentholder principally argues that (1) common questions of fact are lacking because each defendant's infringement will depend on facts unique to each defendant's conduct; and (2) informal coordination provides a practicable alternative to centralization. These arguments are unpersuasive. The same two patents are involved in each action, and the complaint asserts at least one common accused product. Thus, whether the common accused product – the EMC Master Flash – infringes the asserted patents is common to all actions. The involvement of defendant-specific issues is not an impediment to transfer where, as here, the actions share a common factual core. *See In re Rembrandt Techs., LP, Patent Litig.,* 493 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007) ("Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer.").

We do not believe that informal coordination, as proposed by the patentholder, is an adequate alternative considering the history of this litigation and the patent reexamination proceedings before the U.S. Patent and Trademark Office. Claim construction proceedings currently are advancing without coordination among the parties. Nothing in the record indicates that the patentholder has attempted to informally coordinate the proceedings or responded to the other parties' efforts to do so. Moreover, absent centralization, judges in three different districts will be called upon to become familiar with the asserted patents (including the related patent reexamination proceedings) and rule on substantially the same claim construction and patent validity defenses, which presents a significant risk of inconsistent rulings and unnecessary expenditure of judicial resources. Centralization offers substantial opportunity to streamline the pretrial proceedings in these overlapping patent actions and prevent inconsistent rulings.

The Northern District of Ohio is an appropriate transferee district for this litigation. It provides a convenient and accessible location for the geographically dispersed actions and parties. One action is pending there, and defendants in all actions support centralization there. Judge Donald C. Nugent is an experienced transferee judge who has the ability and willingness to manage this litigation efficiently. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Donald C. Nugent for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: PIPE FLASHING PATENT LITIGATION                          MDL No. 3093

## SCHEDULE A

<u>Northern District of Illinois</u>

GOLDEN RULE FASTENERS, INC. v. R.P. LUMBER CO., INC., C.A. No. 1:20−00692

<u>Northern District of Mississippi</u>

GOLDEN RULE FASTENERS, INC. v. THE NEVERLEAK COMPANY, LP,
    C.A. No. 3:17−00249

<u>Northern District of Ohio</u>

GOLDEN RULE FASTENERS, INC. v. OATEY CO., C.A. No. 1:19−00341